

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Blount

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Blount" (2007). *2007 Decisions*. Paper 982.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/982

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4062

———————

UNITED STATES OF AMERICA

v.

KEITH BLOUNT,
                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 98-cr-00412-2
District Judge:  The Honorable Eduardo C. Robreno

———————

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2007

———————

Before: BARRY, CHAGARES, and TASHIMA,[*] Circuit Judges

(Opinion Filed: June 8, 2007)

———————

OPINION

———————

—————————

[*]  The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

On March 3, 1999, a jury found Appellant Keith Blount guilty on one count of intentionally distributing approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced Blount as a career offender to 264 months' imprisonment and three years of supervised release, applying the 40-year statutory maximum under 21 U.S.C. § 841(b)(1)(B). Blount appealed, and on December 20, 2000, we affirmed the judgment in an unpublished memorandum opinion. *See United States v. Blount*, 251 F.3d 154 (Table) (3d Cir. 2000), *cert. denied*, 534 U.S. 908 (2001).

On September 23, 2002, Blount filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing that his trial counsel was ineffective. The District Court granted the motion in part and denied it in part, finding trial counsel ineffective for failing to request a sentence adjustment under U.S.S.G. § 5G1.3 to reflect time that Blount had served in state confinement prior to his federal sentencing. The Court ordered a resentencing hearing "to consider whether a downward departure to take into account time served in state incarceration prior to the federal sentencing is warranted." (Appellant's App. vol. II at 267.)

On August 26, 2005, the District Court awarded Blount maximum credit for his time in state confinement and amended the judgment to reflect an adjusted sentence of 245 months and 28 days, to run concurrent with his undischarged state sentence. In so doing, the Court found that neither *Blakely v. Washington*, 542 U.S. 296 (2004), nor

*United States v. Booker*, 543 U.S. 220 (2005), entitled Blount to a *de novo* resentencing. In the alternative, the Court denied Blount's objections to the presentence investigation report. Blount's adjusted sentence was within the advisory Guidelines range of 262 to 327 months. This appeal followed.[1]

Blount argues that the District Court instructed the jury that drug quantity was not an element of the offense, thus exposing him only to the 20-year statutory maximum under 21 U.S.C. § 841(b)(1)(C). He also contends that the Court failed to give meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). The government responds that the 40-year statutory maximum applied because Blount stipulated to a drug quantity of 996 grams and because he was a career offender under U.S.S.G. § 4B1.1. It also notes that the sole purpose of the resentencing hearing was to determine Blount's entitlement to credit for time served in state custody, not to reconsider *de novo* his previously-affirmed sentence.

Because *Booker* does not apply retroactively to cases on collateral review, *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005), we agree with the District Court's conclusion that Blount was not entitled to a *de novo* resentencing. His renewed challenge to the Court's application of the 40-year statutory maximum and career offender designation, therefore, is not before us. Even if it were, however, we would adhere to our

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

prior rejection of this argument. Blount's stipulation to a drug quantity of 996 grams of cocaine, his stipulation that the chemist's report establishing this quantity was "accurate," and his attorney's representation that "the quantity of the drugs is not in dispute," resolved any possible error under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Blakely*, 542 U.S. at 303 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*." (some emphasis omitted)).

Blount's related argument concerning Amendment 591 to the Sentencing Guidelines, which applies retroactively pursuant to U.S.S.G. § 1B1.10, fails largely for the same reason. That amendment requires only that the sentencing court determine the base offense level with reference to the offense of conviction. Under Appendix A of the Sentencing Guidelines, the base offense level applicable to any conviction under 21 U.S.C. § 841(a) or (b)(1)-(3) is § 2D1.1, the provision applied here. We are satisfied that the District Court utilized the correct offense guideline, and, more to the point, that Blount's career offender status properly overrode the base offense level.

Finally, Blount's argument concerning the § 3553(a) factors is unavailing. As noted, *Booker* does not apply here. Even if it did, however, we would find that the District Court adequately addressed all pertinent § 3553(a) factors. We will affirm.

4