[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11915

_____

D.C. Docket No. 8:10-cr-00035-JDW-TBM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDCHASE CODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 28, 2021)

Before WILLIAM PRYOR, Chief Judge, LUCK, Circuit Judge, and MARKS,[*]
District Judge.

WILLIAM PRYOR, Chief Judge:

---

[*] Honorable Emily Coody Marks, Chief United States District Judge for the Middle
District of Alabama, sitting by designation.

This appeal requires us to decide an issue of first impression in our Circuit: whether a certificate of appealability is required when a federal prisoner obtains relief through a postconviction motion, 28 U.S.C. § 2255, and appeals the decision to correct only the illegal sentence instead of performing a full resentencing. We hold that a certificate of appealability is required to challenge the choice of remedy under section 2255. And we grant the government's motion to dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

Sandchase Cody was convicted in 2010 of two counts of distributing and possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1); and one count of possessing with intent to distribute cocaine base, cocaine, and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(C). Cody's felon-in-possession conviction came with a 15-year mandatory minimum sentence, under the Armed Career Criminal Act, based on state convictions for sale of cocaine, shooting at a building, and throwing a missile into an occupied motor vehicle. 18 U.S.C. § 924(e)(1). Cody's guideline imprisonment range was 262 to 327 months, and the district court sentenced him to concurrent 294-month sentences on each of the four counts.

In 2016, we granted Cody's application for leave to file a second-or-successive motion to correct his sentence in the light of *Johnson v. United States*,

2

576 U.S. 591 (2015); *see* 28 U.S.C. § 2255(h)(2). *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. 576 U.S. at 597, 606; 18 U.S.C. § 924(e)(2)(B)(ii). We granted Cody's application because it was unclear whether his prior convictions for shooting at a building and throwing a missile into an occupied motor vehicle were violent felonies under the Act.

Cody filed his motion to vacate, and he and the government stipulated that his state convictions did not trigger a mandatory minimum sentence under the Act. Cody asked the district court to vacate the criminal judgment and schedule a hearing to resentence him on all counts. The government requested that the district court "at most" correct Cody's felon-in-possession sentence to remove the armed-career-criminal enhancement and leave his concurrent sentences on the other three counts intact.

The district court rejected Cody's argument that the sentencing-package doctrine required resentencing on all counts, and it instead corrected Cody's felon-in-possession sentence to reflect the 120-month statutory maximum that applied absent the armed-career-criminal enhancement. 18 U.S.C. § 924(a)(2). The district court denied Cody a certificate of appealability.

The district court entered a final order in the proceeding under section 2255 and an amended judgment correcting Cody's sentence in the criminal case on the same day. Cody filed a notice of appeal from the amended judgment. We issued a

3

jurisdictional question asking "whether . . . the notice of appeal reflect[ed] an intent to appeal the final judgment in the criminal case, the final judgment in the [section] 2255 proceedings, or both." Cody then filed a separate notice of appeal from the final order in the proceeding under section 2255, and he and the government filed their responses to the jurisdictional question in this appeal.

We denied a certificate of appealability in the section 2255 appeal. We explained that "reasonable jurists would not debate whether the district court abused its discretion by correcting Mr. Cody's sentence without a full resentencing hearing." The government then moved to dismiss Cody's criminal appeal for lack of appellate jurisdiction based on the absence of a certificate of appealability.

## II. STANDARD OF REVIEW

We review *de novo* our appellate jurisdiction. *Thomas v. Phoebe Putney Health Sys., Inc*, 972 F.3d 1195, 1200 (11th Cir. 2020).

## III. DISCUSSION

Because Cody does not have a certificate of appealability, we lack jurisdiction to consider his argument that the district court erred by correcting his sentence instead of performing a full resentencing. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "As a result, until a [certificate of appealability] has been issued

4

federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The certificate-of-appealability requirement applies not only to an appeal from the final order in a proceeding under section 2255 but also to an appeal from an amended criminal judgment, to the extent it raises section 2255 issues. *United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008). For example, even in an appeal from a new sentence, "[t]o the extent [a prisoner] appeals the denial of his [section] 2255 motion as to his conviction, those claims are part of his [section] 2255 proceedings" and we may not consider them without a certificate of appealability. *Id.* By contrast, "direct appeal matter[s]" that arise after the proceeding under section 2255—for example, an argument that the district court misapplied the sentencing guidelines at a prisoner's resentencing—do not require a certificate of appealability. *Id.* at 895.

Our jurisdiction over Cody's appeal turns on the extent to which he challenges errors in his new sentence as opposed to aspects of his proceeding under section 2255. The only issue Cody raises on appeal is "[w]hether the district court erred in denying [him] a resentencing hearing on all counts where the district court vacated [his] unlawful [Armed Career Criminal Act] enhancement." Specifically, he argues that the district court erred by correcting his sentence on his felon-in-possession conviction instead of holding a new resentencing hearing on all counts.

5

In other words, the only issue presented in the appeal involves the choice of statutory remedy. *See United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) ("[Under section 2255,] the court must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence.").

It is apparent from the text of section 2255 that a district court's choice between correcting a sentence and performing a full resentencing is a part of the proceeding under that statute. Section 2253 does not specify what it means by "a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). But a "proceeding" is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Proceeding*, *Black's Law Dictionary* (7th ed. 1999). And the only thing in section 2255 that matches that description is the series of steps outlined in section 2255(a) and (b). 28 U.S.C. § 2255(a)–(b).

Subsection (a) provides a mechanism by which a prisoner may commence a proceeding to correct his sentence, and subsection (b) provides a clear outline of what that proceeding entails. To start, "[u]nless the . . . records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law[.]"

6

*Id.* § 2255(b). Then, if the court agrees with the prisoner "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," *id.*, an additional two-part process is required to remedy the violation. The court "shall vacate and set the judgment aside and," "as may appear appropriate," select one of four remedies: "discharge the prisoner," "resentence him," "grant a new trial," or "correct the sentence." *Id.* After that choice is made, the proceeding under section 2255 is over.

Of course, each remedy requires the district court to take separate action in the prisoner's criminal case, whether that action be as simple as entering a corrected sentence or as complex as holding a new trial. And our precedents make clear that the implementation of a chosen remedy on the criminal docket occurs outside of the proceeding under section 2255 and is subject to review on direct appeal without a certificate of appealability. *Futch*, 518 F.3d at 895. An erroneous resentencing or an erroneous correction following a proceeding under section 2255 is reviewable without a certificate of appealability.

It would be unreasonable to read sections 2253 and 2255 to exclude the choice of remedy from the scope of a proceeding under section 2255. To do so, we would have to conclude that "a proceeding under section 2255," 28 U.S.C. § 2253(c)(1)(B), consists of the steps in section 2255(b), except that the proceeding ends halfway through the two-part remedial process in the final sentence, at a point

7

that is not even set apart with a comma, *see id.* § 2255(b) (". . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."). That is not a natural reading of the text. The process described in section 2255(b) occurs in a "proceeding under section 2255," and that process includes the choice between four statutory remedies.

Cody's argument in support of jurisdiction misses the mark. He relies heavily on the Fourth Circuit's decision in *United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007). To be sure, the Fourth Circuit in *Hadden* did consider a prisoner's challenge to the district court's choice of section 2255 remedy without requiring a certificate of appealability. *Id.* at 666–67. And we relied on some of *Hadden*'s analysis in our own opinion in *Futch*. *See* 518 F.3d at 893–94. But *Futch* did not import *Hadden* wholesale. Although *Futch* discussed *Hadden* at length in connection with the question of when a section 2255 order granting a resentencing becomes final, *id.* (discussing *Hadden*), it cited *Hadden* only in passing in connection with its other holdings, *id.* at 894–95 (citing *Hadden*, 475 F.3d at 664). The Fourth Circuit conceded that its interpretation of section 2255 in *Hadden* was "somewhat novel," 475 F.3d at 664, and it never addressed what the phrase "a proceeding under section 2255" means in section 2253, 28 U.S.C. § 2253(c)(1)(B).

8

*Hadden* does not bind us, and the text of the statute answers the question before us without resort to *Hadden*'s contrary holding.

## IV. CONCLUSION

We **GRANT** the government's motion and **DISMISS** the appeal for lack of jurisdiction.