[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-12727

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TROY MARKEITH GRIFFIN,
a.k.a. OGC,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00453-MSS-AEP-1

———————————

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Troy Markeith Griffin appeals his sentence of 235 months' imprisonment for conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, which the district court imposed upon resentencing after granting in part his 28 U.S.C. § 2255 motion. After careful review, we dismiss in part and affirm in part.

I.

A grand jury returned an indictment charging Griffin and several codefendants with conspiracy to commit Hobbs Act robbery (Count 1), Hobbs Act robbery (Count 2), and brandishing a firearm during and in relation to a crime of violence, specifically the conspiracy charged in Count 1 (Count 3). Griffin pled not guilty and proceeded to a jury trial; the jury found him guilty on all counts.

Griffin's guidelines range was 168 to 210 months' imprisonment on Counts 1 and 2, plus 84 months' imprisonment on Count 3, to run consecutively with the term of imprisonment for the other counts. The district court sentenced Griffin to a total sentence of 294 months' imprisonment: 210 months for Counts 1 and 2 and 84 months for Count 3. We affirmed Griffin's convictions and sentences. *See United States v. Griffin*, 724 F. App'x 808 (11th Cir. 2018).

Griffin thereafter filed a *pro se* § 2255 motion to vacate his sentence, primarily raising ineffective-assistance-of-counsel claims. During those proceedings, the district court ordered the government to address the effect of *United States v. Davis*, 139 S. Ct. 2319 (2019), on Griffin's case. In response, the government conceded that Griffin was entitled to relief from his Count 3 conviction and sentence because, under *Davis*, conspiracy to commit Hobbs Act robbery was not a crime of violence.

The district court granted in part and denied in part Griffin's § 2255 motion. The district court ordered that Griffin's conviction and sentence on Count 3 be vacated but otherwise denied all requested relief and left intact Griffin's convictions on Counts 1 and 2. The court denied Griffin a certificate of appealability on the claims it rejected.

In anticipation of his resentencing on Counts 1 and 2, the probation office prepared a presentence investigation report ("PSR"). The PSR described the offense conduct, which involved Griffin recruiting his codefendants to rob a bar. Griffin, who drove the getaway car, was the only defendant to proceed to a jury trial; his codefendants pled guilty. The PSR described Griffin's adjustment to incarceration, which included numerous disciplinary infractions.

The PSR calculated Griffin's base offense level as 20 under Section 2B3.1(a) of the Sentencing Guidelines. The PSR included several enhancements, including: a six-level enhancement under § 2B3.1(b)(2)(B) because guns were used during the robbery. With

this enhancement and several others, Griffin's total offense level was 36. Griffin's criminal history category was VI, which resulted in a guidelines range of 324 to 405 months' imprisonment. The statutory maximum term of imprisonment for each of Counts 1 and 2 was 240 months.

In a sentencing memorandum, Griffin requested a sentence of 210 months' imprisonment or less. He noted that his codefendants, all of whom were inside the bar for the robbery rather than waiting in the car as he was, were not convicted of the substantive robbery count in Count 2 because they all pled guilty. They therefore received far lesser sentences than did Griffin. Griffin argued that the PSR's inclusion of an enhancement under § 2B3.1(a) created an unwarranted disparity between his guidelines range and his co-defendant's sentences, most of whom were not subject to the enhancement despite actually brandishing the firearms inside the bar. Griffin further stated that his disciplinary infractions while in federal custody for these offenses, rather than previous convictions, were minimal and that he had made positive efforts to change his behavior, including enrolling in GED classes and drug treatment programs and volunteering to sanitize dorms.

The government, by contrast, argued that a 294-month sentence—the same sentence the district court originally imposed on all three counts—was appropriate.

At a resentencing hearing, Griffin argued for a downward variance of 168 months' imprisonment, reiterating arguments he made in his sentencing memorandum. Griffin addressed the

court, explaining how he had changed in the six years since his sentence began. The district court sentenced Griffin to 235 months' imprisonment on each of Counts 1 and 2, to run concurrently, followed by 3 years of supervised release. The court stated that it had considered the parties' arguments, the background and history of the case, the PSR, and Griffin's conduct while incarcerated. The court further stated that it had varied downward from the applicable guidelines range based on Griffin's post-conviction conduct, his efforts at rehabilitation while incarcerated, and his allocution, which the court opined demonstrated maturity.

Griffin objected to the substantive reasonableness of the sentence. This is his appeal.[1]

---

[1] In addition to the issue we address on appeal—the substantive reasonableness of Griffin's sentence—Griffin asks us to review the district court's choice of remedy on his § 2255 motion. Specifically, he argues that the district court abused its discretion in failing to vacate all three of his counts of conviction with direction that a new trial be scheduled. We lack jurisdiction to entertain this challenge, however, because Griffin does not have a certificate of appealability to proceed on it. *See United States v. Cody*, 998 F.3d 912, 914–15 (11th Cir. 2021) ("[E]ven in an appeal from a new sentence, to the extent a prisoner appeals the denial of his section 2255 motion as to his conviction, those claims are part of his section 2255 proceedings and we may not consider them without a certificate of appealability. By contrast, direct appeal matters that arise after the proceeding under section 2255—for example, an argument that the district court misapplied the sentencing guidelines at a prisoner's resentencing—do not require a certificate of appealability." (alterations adopted) (citations omitted) (internal quotation marks omitted)), *cert. denied*, 142 S. Ct. 1419 (2022). Although Griffin argues that he does not need a certificate of

## II.

To determine the substantive reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 28, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors.[2] *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We must give due deference to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is afforded discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

---

appealability, he fails to grapple with *Cody*, which is on all fours with his case and binds this panel.

[2] Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

A district court abuses its considerable discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

## III.

Griffin argues that his 235-month sentence is substantively unreasonable. He notes that his original sentence for all three counts was 294 months, 84 of which were for his now-vacated Count 3 conviction. Thus, he argues, 210 months' imprisonment would have been appropriate. Griffin further argues that the district court failed to avoid unwarranted sentencing disparities between himself and his co-defendants. Finally, Griffin argues that the district court failed to give enough weight to his post-sentencing rehabilitation. None of Griffin's arguments convinces us that the district court abused its discretion.

First, regardless of whether we would have imposed the same sentence, the district court did not abuse its discretion merely by arriving at a sentence higher than his original sentence for Counts 1 and 2. Second, although district courts should "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct," *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (internal quotation marks omitted), Griffin's codefendants were not similarly situated to him. Each of Griffin's codefendants pled guilty

to fewer offenses. And three of his codefendants offered substantial assistance to the government. *See id.* at 1101 ("[D]efendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who provides no assistance to the government and proceeds to trial."); *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (indicating that defendants are not similarly situated when one provides substantial assistance to the government and the other does not); *United States v. Jayyousi*, 657 F.3d 1085, 1117–18 (11th Cir. 2011) (explaining that a district court should consider distinctions between the defendant's circumstances and other offenders who were convicted of less serious offenses).

Third, the district court expressly accounted for Griffin's post-sentencing rehabilitation when deciding to vary downward from his applicable guidelines range. Griffin asks us to reverse the district court for failing to give even more weight to this factor, but our abuse-of-discretion standard does not permit us to do so. *Rosales-Bruno*, 789 F.3d at 1254.

In sum, the district court was within its discretion to resentence Griffin to 235 months' imprisonment based on the factors it considered.

## IV.

We dismiss the portion of Griffin's appeal challenging the district court's choice of remedy in partially granting his § 2255

21-12727                Opinion of the Court                9

motion and affirm the sentence the district court imposed upon re-sentencing.

**DISMISSED IN PART AND AFFIRMED IN PART.**