[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14203

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY C. KAPORDELIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:04-cr-00249-CAP-GGB-1

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Gregory Kapordelis, a federal prisoner proceeding pro se, appeals the district court's orders denying his motion for the district court to recuse itself and motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  First, he argues that the district court judge erred in failing to recuse himself from the instant proceedings, where he showed pervasive bias and prejudice at sentencing to what Kapordelis deems was lawful sexual activity.  Second, Kapordelis argues that the district court erred in denying his motion for compassionate release based on *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), because that case was wrongly decided. The government, in turn, moves for summary affirmance.

After careful review, we grant the government's motion for summary affirmance.[1]

## I.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

---

[1] Kapordelis has petitioned for an initial hearing en banc, pursuant to Federal Rule of Appellate Procedure 35.  No Judge in regular active service on this Court has requested that the Court be polled about en banc consideration. Kapordelis petition for initial hearing en banc is **DENIED**.

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review our appellate jurisdiction de novo. *United States v. Cody*, 998 F.3d 912, 914 (11th Cir. 2021). We ordinarily review the district court's denial of a recusal motion for an abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994) (per curiam).

Until a certificate of appealability has been issued, federal courts of appeal lack jurisdiction to rule on the merits of appeals from habeas petitioners. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Under § 455(a), "a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (internal quotation marks omitted). Generally, bias sufficient to disqualify a judge must stem from extrajudicial

---

[2] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

sources. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). However, an exception exists where a judge's remarks in a judicial context demonstrate pervasive bias and prejudice against a party. *Id.* Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam).

Here, as an initial matter, although there would be a jurisdictional issue if Kapordelis raised the same claim he raised in his post-conviction relief proceedings, *Miller-El*, 537 U.S. at 336, he is arguing here that the district court judge should have recused himself in the current § 3582 proceedings based on bias or prejudice in past proceedings. Thus, there is no jurisdictional issue preventing us from addressing Kapordelis's appeal of the district court's denial of his motion to recuse in the instant proceedings.

As to the merits, the government is correct that Kapordelis's argument that the district court abused its discretion in denying his recusal motion is frivolous. As the district court noted, Kapordelis seeks to rely on past rulings for a basis of a recusal motion, which he cannot do absent evidence of pervasive bias or prejudice. *McWhorter*, 906 F.2d at 678. However, there is no such evidence here. The comments that Kapordelis cites to that the district court made in sentencing at best show that the district court compared him to other defendants who also crossed state lines to have sex with underage children. To the government's point, to the extent Kapordelis is trying to use this recusal motion as a backdoor to

challenge the determination that he engaged in illegal sexual conduct, such a challenge would be an unauthorized second or successive § 2255 motion.

Further, Kapordelis does not cite any specific comments by the district court judge where he focused on the gender of the child Kapordelis used to engage in sexual activity to compare it to lawful sexual activity between two people of the same or opposite sex. Kapordelis grossly mischaracterizes as homophobic what he claims the district court said at sentencing when it compared similar defendants who used interstate commerce to have sex with children, which it made without reference to gender. Instead, the record indicates that Kapordelis specifically sought out countries where he could flout the age of consent. The district court judge's comments at sentencing did not contain any bias or prejudice, pervasive or otherwise. *Hamm*, 708 F.2d at 651.

Additionally, we have already affirmed that Kapordelis's sentence was reasonable, rejecting his argument that the district court abused its discretion in considering the need to avoid unwarranted sentencing disparities. Notably, Kapordelis never argued on appeal that the district court judge should have recused himself due to bias or prejudice. Yet he has made these same arguments several times before the district court, all of which have been rejected. Therefore, the government is correct that this appeal is frivolous. *Groendyke Transp.*, 406 F.2d at 1161–62.

Accordingly, because there is no substantial question as to whether the district court abused its discretion in failing to recuse

itself, we GRANT the government's motion to summarily affirm as to this issue. *Id.*

## II.

We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). We will then review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Before December 2018, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons (BOP), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018). But then the First Step Act[3] amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the

---

[3] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

defendant's facility, whichever is earlier.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

A district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam). When the district court finds that one of these three prongs is not met, it is not required to examine the other prongs.  *Giron*, 15 F.4th at 1348.  Factors under § 3553(a) that the district court may consider include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  18 U.S.C. § 3553(a).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, as long as the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  *See* U.S.S.G. § 1B1.13; *id*. cmt. (n.1).  The commentary lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction.  U.S.S.G. § 1B1.13 cmt. (n.1(A)-(C)).  The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s

determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* cmt. (n.1(D)).

In *Bryant*, we concluded that § 1B1.13 applies to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and thus a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *Bryant*, 996 F.3d at 1252–62. We also held that the catchall provision in Application Note 1(D) does not give district courts discretion to come up with extraordinary or compelling reasons not described in § 1B1.13. *Id.* at 1262–65.

Here, Kapordelis concedes that he is not addressing the merits of his § 3582(c)(1)(A) motion on appeal and that his reasons for compassionate release were not expressly identified in *Bryant*. Kapordelis's concession is correct because § 1B1.13 applies to his motion and does not include judicial bias as an extraordinary and compelling reason for compassionate release. *Bryant*, 996 F.3d at 1252-65; U.S.S.G. § 1B1.13, comment. (n.1(A)-(C)). The district court correctly determined that it did not have the discretion to use that argument as a ground for reducing his sentence.

And Kapordelis's argument that *Bryant* was wrongly decided is barred by the prior-panel-precedent rule. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or

undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

Thus, the government's position that the district court was bound by *Bryant*, which foreclosed Kapordelis's use of judicial bias as a ground for § 3582(c)(1)(A) relief, is correct as a matter of law, and there is no substantial question as to the outcome of this issue. *Groendyke Transp.*, 406 F.2d 1161–62. Accordingly, we also GRANT the government's motion for summary affirmance as to this issue and affirm the district court's denial of his § 3582(c)(1)(A) motion.

**AFFIRMED.**