**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2704
_____

KENT LEROY CLARK,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-17214)
District Judge: Honorable Madeline Cox Arleo
_____

Argued on January 19, 2023

Before: AMBRO,[*] PORTER, and FREEMAN,
*Circuit Judges*

(Filed: August 4, 2023)

_____

[*] Judge Ambro assumed senior status on February 6, 2023.

Louise Arkel
Evan J. Austin [Argued]
Rahul K. Sharma
Office of Federal Public Defender
1002 Broad Street
Newark, NJ 07102

     *Counsel for Appellant*

Mark E. Coyne
Steven G. Sanders [Argued]
Office of the United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

     *Counsel for Defendant-Appellee*

_____

OPINION OF THE COURT
_____

FREEMAN, *Circuit Judge*.

As matter of first impression in this Circuit, we must decide whether a certificate of appealability is required for a prisoner in federal custody to appeal a district court's choice of remedy in a 28 U.S.C. § 2255 proceeding. We hold that a certificate of appealability is required. Because Kent Clark has failed to make the requisite showing to obtain one, we will dismiss his appeal for lack of jurisdiction.

I

In January 1985, Clark and Darryl Devose carried out a violent scheme in hopes of extorting $200,000 from a banker. They assaulted and kidnapped a postal worker at gunpoint, stripped him of his uniform, and restrained him in the back of his mail truck. Disguised in the postal worker's clothing, Devose gained entry to the banker's home by feigning a mail delivery and then signaled to Clark to join him. Once inside, they held the banker's 85-year-old mother-in-law and 19-year-old daughter at gunpoint and called the banker while he was at work to demand a $200,000 ransom. While Devose was in another room, Clark raped the banker's daughter. After calling a third accomplice at the drop site to report that the plan was underway, Clark and Devose handcuffed the banker's daughter and mother-in-law to the refrigerator and moved to leave the home. They saw police officers outside the front door, so they fled through the back door, discarding the postal uniform and a revolver in their path.

A grand jury returned an indictment charging Clark and Devose with several crimes. Devose pleaded guilty and agreed to testify against Clark. In 1990, after a five-day trial, a jury found Clark guilty of seven counts: two conspiracy offenses, attempted extortion, assault of a postal worker, kidnapping, theft of a postal vehicle, and a firearm offense. The firearm conviction was for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and it carried a mandatory minimum sentence of five years' imprisonment. The kidnapping offense was the predicate "crime of violence."

After a sentencing hearing, the District Court sentenced Clark to life imprisonment on the kidnapping count to run

3

concurrent to lesser terms of imprisonment imposed on all other counts except the § 924(c) count, on which it sentenced Clark to a consecutive five years' imprisonment, as the statute required. Clark's offenses predated the effective date of the Sentencing Reform Act of 1984, so the Sentencing Guidelines did not apply to his case. U.S. Sent'g Guidelines Manual, Ch.1, Pt.A (U.S. Sent'g Comm'n 2021) ("[T]he guidelines took effect on November 1, 1987, and apply to all offenses committed on or after that date.").

This Court affirmed the judgment on direct appeal, and Clark filed numerous unsuccessful collateral attacks in the ensuing years. In 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that a portion of § 924(c)'s definition of "crime of violence" is unconstitutionally vague. Thereafter, we granted Clark leave to file a second or successive 28 U.S.C. § 2255 motion challenging his § 924(c) conviction.

In the District Court, the parties agreed that kidnapping does not qualify as a crime of violence under § 924(c) after *Davis*, but they disagreed about how the Court should resolve the § 2255 motion. Clark urged the District Court to grant it, vacate the § 924(c) conviction, and conduct a full resentencing on the remaining counts of conviction.[1] The government

---

[1] In support of a full resentencing, Clark argued that (1) the firearm conviction was a "consequential alteration of the [sentencing] calculus" undertaken by the 1991 sentencing court, (2) evidence of his post-sentencing rehabilitation should

4

argued that the District Court should apply the concurrent sentence doctrine and deny the § 2255 motion outright because, in its view, vacating the unconstitutional § 924(c) conviction would not affect Clark's life sentence.[2] Clark responded that the concurrent sentence doctrine was inapplicable because his sentence on the § 924(c) count has collateral consequences affecting his parole eligibility. *See United States v. Clemons*, 843 F.2d 741, 743 n.2 (3d Cir. 1988) (noting that the concurrent sentence doctrine does not apply

---

be considered under *Pepper v. United States*, 562 U.S. 476 (2011), (3) it is "quite possible" he was wrongly convicted, particularly as there was no DNA evidence linking him to the crimes, and (4) "[e]ven if [he] is not innocent, his sentence to life in prison in 1991 may well have been the product of sentencing policies that have been drastically reconsidered in the intervening years." App. 292–95.

[2] Under the concurrent sentence doctrine, courts have "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent." *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997). Recently, we held that a district court did not abuse its discretion when it applied the logic of the concurrent sentence doctrine and declined to consider two defendants' post-conviction challenges to § 924(c) sentences that ran consecutive to their unchallenged life sentences. *Duka v. United States*, 27 F.4th 189, 194–95 (3d Cir. 2022).

"when defendants may suffer possible collateral consequences, such as impaired parole eligibility").[3]

The District Court declined to apply the concurrent sentence doctrine because the § 924(c) conviction had collateral consequences for Clark's parole eligibility. It granted the § 2255 motion in part, vacated the § 924(c) conviction and its accompanying five-year consecutive sentence, and ordered that Clark's remaining convictions and sentences remain undisturbed. It denied Clark's request for a full resentencing, explaining:

> [Clark's] § 924(c) conviction carried a mandatory minimum sentence of five years, to be served consecutively to the other sentences, which the sentencing court separately imposed. Other than speculation on the part of Petitioner, nothing suggests the Court increased the sentences on the kidnapping or other charges due to the § 924(c) conviction. The sentencing took place prior to imposition of the Sentencing Guidelines; as such, Clark's § 924(c) conviction

---

[3] Clark is eligible for parole on his life sentence because he committed his kidnapping offense before the Sentencing Reform Act of 1984 went into effect; for that reason, his circumstances differ from those in *Duka*, 27 F.4th at 191. *See supra* note 2. Clark was not eligible for parole on his now-vacated § 924(c) sentence. Act of Oct. 12, 1984, Pub. L. No. 98–473, § 1005(a), 98 Stat. 1837, 2138-39 (current version at 18 U.S.C. § 924(c) (2022)).

> could not have increased his Guidelines or statutory penalties for the kidnapping conviction.

App. 17 (emphasis removed). The District Court entered its order on the § 2255 motion on August 12, 2021, and it entered a corresponding amended judgment of sentence on August 26, 2021.

On September 10, 2021, Clark filed a notice of appeal from the order "entered in this action on August 12, 2021." App. 1. We informed Clark that an appeal from the final order in a § 2255 proceeding may not proceed unless a judge issues a certificate of appealability ("COA"). Thereafter, Clark filed an "Application for Certificate of Appealability" in which he characterized his appeal as a direct appeal from a new criminal sentence and thus argued that a COA is unnecessary. In the alternative, he argued that a COA should issue because reasonable jurists could debate whether the District Court abused its discretion by declining to conduct a full resentencing. In response, the government asserted that Clark is challenging the District Court's choice of a remedy in a § 2255 matter, which it argued is an appeal from the final order in a § 2255 proceeding and thus requires a COA. A motions panel referred the matter to a merits panel to consider whether Clark must obtain a COA.

## II

As a threshold matter, we must determine whether we have jurisdiction to consider the merits of Clark's appeal. The District Court had subject matter jurisdiction under 28 U.S.C. § 2255. *Solis v. United States*, 252 F.3d 289, 293 (3d Cir. 2001). We always have jurisdiction to consider our own

7

jurisdiction. *El v. City of Pittsburgh*, 975 F.3d 327, 333 (3d Cir. 2020).

Clark argues that this is a direct appeal from a new criminal sentence—a proceeding over which we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The government contends that Clark is appealing from the final order in a 28 U.S.C. § 2255 proceeding, so this Court lacks jurisdiction unless Clark obtains a COA. 28 U.S.C. § 2253(c). Because § 2255's statutory framework supports the government's position, we conclude that Clark must obtain a COA before this Court can consider the merits of his appeal.

A

28 U.S.C. § 2255 provides a process through which persons in federal custody can collaterally attack their sentences. When a prisoner files a § 2255 motion, a district court must determine whether the judgment of sentence "was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the court answers that question in the affirmative, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Thus, the remedy for an unlawful sentence proceeds in two steps. At Step One, the court vacates and sets aside the judgment, and at Step Two it selects the "appropriate" remedy from among four options: (1) "discharge the prisoner," (2)

8

"resentence him," (3) "grant a new trial," or (4) "correct [his] sentence." *Id.*; *see also United States v. Cody*, 998 F.3d 912, 915–16 (11th Cir. 2021) (discussing § 2255(b)'s "two-part remedial process").

A defendant must obtain a COA to pursue an appeal "from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Until a COA has issued, federal courts of appeals lack jurisdiction to rule on the merits of such a challenge. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may issue only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In Clark's case, the District Court concluded that § 2255 relief was warranted due to the unconstitutional 18 U.S.C. § 924(c) conviction, so it proceeded to the two-step remedial process—first vacating and setting aside the judgment, and then correcting Clark's sentence. In this appeal, Clark challenges the District Court's choice to correct his sentence rather than hold a full resentencing.

Our sister courts are divided about whether a COA is necessary when a defendant obtains § 2255 relief and seeks to challenge the district court's choice of remedy. The Fourth and Sixth Circuits do not require a COA in this circumstance. The Fourth Circuit held that a prisoner who receives a corrected sentence may "challenge[] *the relief granted—i.e.*, whether the relief was 'appropriate' under § 2255" without a COA. *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007); *accord Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (quoting *Hadden* and reaching the same result). In contrast, the Eleventh Circuit requires a COA "when a federal prisoner

9

obtains relief through a [§ 2255] motion . . . and appeals the decision to correct only the illegal sentence instead of performing a full resentencing." *Cody*, 998 F.3d at 913.

We agree with the Eleventh Circuit that "[i]t is apparent from the text of section 2255 that a district court's choice between correcting a sentence and performing a full resentencing is a part of the proceeding under that statute," not part of the underlying criminal case. *Cody*, 998 F.3d at 915. After all, when a district court vacates an unconstitutional sentence, § 2255(b) *requires* the court to choose an appropriate remedy from among the four listed options; thus, the choice of a remedy is necessarily part of the § 2255 proceeding. If we nonetheless permitted Clark a direct appeal of the choice of remedy, we would flout § 2253(c)(1)(B)'s command that a COA must issue for a defendant to appeal "the final order in a proceeding under section 2255." As such, we hold that a COA is required when an appeal challenges solely whether the district court granted an appropriate § 2255 remedy.

Clark urges us to construe this appeal as a challenge to his new criminal sentence. It is uncontroverted that a challenge to the sentence entered following a § 2255 proceeding is directly appealable.[4] *Cody*, 998 F.3d at 916 ("An erroneous

---

[4] Thus, today we answer in the affirmative the question we left unresolved in *United States v. Williams*: "whether a movant who obtains a modified sentence on a § 2255 motion may appeal from the new sentence without obtaining a certificate of appealability if he seeks nothing more on the appeal than relief

10

resentencing or an erroneous correction following a proceeding under section 2255 is reviewable without a certificate of appealability."); *Hadden*, 475 F.3d at 664 (recognizing that a challenge to "whether the new sentence was in conformity with the Constitution or Sentencing Guidelines" does not require a COA); *Ajan*, 731 F.3d at 631 (same, quoting *Hadden*); *United States v. Lafayette*, 337 F.3d 1043, 1046 (D.C. Cir. 2003) (recognizing that no COA is required to appeal the sentence entered after a successful § 2255 motion).

But Clark does not raise any sentence-specific challenges in his appeal—that is, he does not argue that his new criminal sentence is statutorily, constitutionally, or otherwise erroneous. Instead, he challenges only the District Court's choice not to grant a full resentencing. Because Clark seeks to challenge Step Two of his § 2255 proceeding—choice of remedy—he must obtain a COA.[5]

---

from the sentence." 158 F.3d 736, 740–41 (3d Cir. 1998). Our answer is both consistent with that of our sister circuits, as well as this Court's own practice. Indeed, we routinely hear appeals challenging sentence-specific aspects of new sentences entered following § 2255 proceedings. *See, e.g.*, *United States v. Smack*, 347 F.3d 533 (3d Cir. 2003); *United States v. Blount*, 235 F. App'x 935 (3d Cir. 2007); *United States v. Wiltshire*, 736 F. App'x 322 (3d Cir. 2018).

[5] We disagree with Clark's contention that the District Court abused its discretion by failing to exercise the full extent of its discretion—i.e., by holding "that because resentencing was not required, it would not do [so]." Appellant's Br. 17. The

11

B

"Our conclusion that a certificate of appealability is required for this appeal to go forward does not necessarily compel us to dismiss the appeal." *United States v. Williams*, 158 F.3d 736, 741 (3d Cir. 1998). We now consider whether Clark has met the requirements to obtain one. We have jurisdiction under 28 U.S.C. § 2253 to decide whether to issue a COA. *Solis*, 252 F.3d at 293.

To obtain a COA, a defendant must "ma[k]e a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing "is satisfied even if the claim is only *debatably* constitutional." *United States v. Doe*, 810 F.3d 132, 145 (3d Cir. 2015). "A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

---

District Court's opinion shows that it understood its discretion to choose among the available § 2255 remedies. *See, e.g.*, App. 14 ("Section 2255 provides a 'flexible remedy,' . . . and a court has the discretion to vacate the judgment, grant a new trial, resentence, or correct the sentence, 'as may appear appropriate[]' . . . ." (citations omitted)); App. 18 ("[T]he Court is satisfied that it is within the Court's discretion to vacate Petitioner's 924(c) conviction and five-year consecutive sentence but leave his other convictions and sentences undisturbed.").

Clark asserts that "the District Court's decision to correct [his] sentence rather than grant him a full resentencing implicated his Due Process right to be present at a full resentencing hearing."[6] Appellant's Reply Br. 14. We disagree.

This is not a case in which the District Court was required to conduct a full resentencing after vacating one count of conviction. *Cf. United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997) ("The interdependence of the vacated § 924(c) conviction and the remaining . . . offenses suggests that resentencing on all counts is the only result consistent with the punishment prescribed by law [and under the Sentencing Guidelines].") . Because Clark's offenses predate the enactment of the Sentencing Guidelines, he cannot argue that vacatur of the § 924(c) conviction impacted his overall offense level or Guidelines calculations, and nothing in the record suggests that a full resentencing was required. *Cf. United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018) (hearing a choice-of-remedy appeal from a § 2255 proceeding in which the district court imposed an upward variance from the new Guidelines range without holding a resentencing hearing). Moreover, although defendants have an unqualified due process right to be present at sentencing (including resentencing), *United States v. Mannino*, 212 F.3d 835, 845 (3d

---

[6] Clark also argues that a COA is warranted because a constitutional claim—*i.e.*, that the § 924(c) conviction is unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019)—was the basis for his § 2255 motion. But he does not appeal the District Court's resolution of the *Davis* question, so that cannot be a basis for a COA.

Cir. 2000), they do not have a right to be present any time a criminal sentence is merely corrected. *See, e.g.*, Fed. R. Crim. P. 43(b) (recognizing that a defendant's presence is not required in "a proceeding involv[ing] the correction or reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c)"). Given the circumstances of his case, vacatur of Clark's § 924(c) conviction did not constitutionally entitle him to a full resentencing.

When it is debatable that the district court's choice of remedy violated the defendant's constitutional rights, a COA will issue. Here, jurists of reason would agree without debate that the District Court did not violate Clark's constitutional rights by denying his request for a full resentencing. Accordingly, we will not issue a COA.

III

An appeal challenging the district court's choice of remedy in a § 2255 proceeding is subject to the COA requirement, so we lack jurisdiction to hear a defendant's appeal unless he makes a substantial showing of the denial of a constitutional right. Clark has failed to make the required showing for a COA, so we will dismiss the appeal for lack of jurisdiction.