[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13518

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KHALIF EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cr-00352-ELR-AJB-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Khalif Edwards, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that we lack jurisdiction to hear his appeal because the district court failed to consider one of his arguments below, which he asserts makes the denial a non-final order. He also moves us to dismiss his appeal for the same reason. In the alternative, Edwards argues that the district court abused its discretion in denying his motion. The government, in turn, moves for summary affirmance.

We review our own appellate jurisdiction de novo. *United States v. Cody*, 998 F.3d 912, 914 (11th Cir. 2021). Generally, we have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. Because the district court's order here "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment," it was a final order. *See Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty.*, 947 F.3d 1362, 1370 (11th Cir. 2020) (quotation omitted). We therefore have jurisdiction to hear this appeal.

We review a district court's determination about a defendant's eligibility for a sentence reduction under § 3582(c) de novo. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). And we review a district court's ruling on an eligible defendant's motion for compassionate release for abuse of discretion. *Id.*

22-13518                Opinion of the Court                3

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that," as relevant here, "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable Sentencing Commission policy statement is set out in U.S. Sentencing Guidelines § 1B1.13. *Bryant*, 996 F.3d at 1248. The application notes to § 1B1.13 establish four categories of circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist: (1) qualifying medical conditions, (2) advanced age, (3) family circumstances, and (4) other circumstances in the defendant's case that are determined by the Director of the Bureau of Prisons to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. 1.

To grant a motion for compassionate release under § 3582(c)(1)(A), a district court must first find that all three of the statutory prerequisites for relief are met: extraordinary and

---

[1] In our en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

compelling reasons justifying release, consistency with § 1B1.13, and support in the § 3553(a) sentencing factors. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Because all three conditions are necessary, "the absence of even one would foreclose a sentence reduction." *Id.* at 1238. The movant bears the burden of proving that he is entitled to a sentence reduction under § 3582. *Cf. United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (discussing the defendant's burden under § 3582(c)(2)).

In his motion, Edwards argued that the First Step Act expanded the authority of district courts to reduce sentences under § 3582(c)(1)(A) to encompass circumstances beyond those described in the Guidelines. Specifically, he argues that a compelling and extraordinary reason exists where the Bureau of Prisons fails to account for a district court's intention that the sentence imposed would run concurrent to any sentence imposed in a state case.

Even assuming that the district court did not consider this argument, such an error would be harmless because this argument is squarely foreclosed by our precedent. In *Bryant*, we considered whether § 1B1.13 remained an "applicable policy statement[]" under § 3582(c)(1)(A) after the First Step Act amended the statute to allow defendants to file for compassionate release, and whether the statutory amendment meant that district courts—not just the Director of the Bureau of Prisons—were authorized to determine that "extraordinary and compelling reasons" for release existed beyond those specifically described in the policy statement. *Bryant*,

996 F.3d at 1252–64.  We held that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."  *Id.* at 1262.  "Thus, under *Bryant*, the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13."  *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Furthermore, the district court did not err in denying Edwards's motion for compassionate release.  Even construing Edwards's pro se arguments liberally, he does not contend that his circumstances match any of the four categories of "extraordinary and compelling reasons" listed in § 1B1.13.  He therefore has not met his burden of showing that he is eligible for a sentence reduction under § 3582(c)(1)(A), and the district court properly denied his motion for compassionate release.

Consequently, the government's position on appeal is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  We therefore **GRANT** the government's motion for summary affirmance, and—because the district court's decision was a final judgment—we **DENY** Edwards's motion to dismiss the appeal for lack of jurisdiction.

**AFFIRMED.**