[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11488

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CURTIS SOLOMON,
JAMAUR LEWIS,
DEVON CHANCE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:08-cr-60090-DMM-1

———————————————

Before GRANT, LAGOA, and WILSON, Circuit Judges.

LAGOA, Circuit Judge:

Curtis Solomon, Devin Chance, and Jamaur Lewis were convicted of one count of Hobbs Act conspiracy; multiple counts of Hobbs Act Robbery; and multiple counts of carrying a firearm during a crime of violence, each predicated on one of their Hobbs Act convictions. On collateral review, their convictions for conspiracy to carry a firearm during a crime of violence, predicated on their Hobbs Act conspiracy count, were vacated in light of *Johnson v. United States*, 576 U.S. 591 (2015)—by this Court, as to Solomon and Chance, and by the district court as to Lewis. All three appellants requested *de novo* resentencing, but the district court declined without explanation and entered amended judgments that omitted the vacated counts and reimposed the same terms of imprisonment on the remaining counts.

The appellants now appeal their amended judgments for two reasons. First, they argue that the district court erred by failing to explain why it denied their requests for *de novo* resentencing. Second, they contend that Hobbs Act robbery is not a crime of violence and therefore cannot be a predicate crime to support the corresponding firearm charges. After careful review, and with the benefit of oral argument, we affirm in part and dismiss in part for lack of jurisdiction.

## I.    FACTUAL & PROCEDURAL BACKGROUND

### A.    The Appellants' Convictions and Sentences

We briefly recount the relevant facts to the issues on appeal. In 2008, a federal grand jury charged Solomon, Chance, and Lewis in a 36-count second superseding indictment related to a series of armed robberies of businesses from late 2007 to early 2008. Count 1 charged conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Count 2 charged conspiracy to carry a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o), predicated on Count 1. Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, and 35 alleged completed Hobbs Act robberies, in violation of 18 U.S.C. §§ 1951(a) and 2. Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, and 36 charged the appellants with carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2, each count predicated on a corresponding count of Hobbs Act robbery.[1] The appellants proceeded to trial, at which the jury found them guilty of all but two counts.

Before sentencing, Solomon filed a memorandum challenging the application of § 924(c)(1)'s stacking rule[2] to his case. He

---

[1] Solomon was charged in all 36 counts. Chance was charged in Counts 1, 2 and 17–36. Lewis was charged in Counts 1, 2, 9, 10, and 13–24. Before trial, the government dismissed Counts 17–22 as to Chance and Counts 21 and 22 as to Lewis.

[2] "In the case of a . . . [subsequent] conviction under this subsection . . . , the person shall . . . be sentenced to a term of imprisonment of not less than 25 years; and . . . no term of imprisonment imposed . . . under this subsection shall run concurrently with any other . . . term of imprisonment imposed for

acknowledged that his challenge was contrary to (unidentified) binding precedent from the Supreme Court. However, he asserted that the Supreme Court's holding was erroneous because Congress's original intent was for the stacking rule to apply only to recidivists with prior finalized convictions, not to defendants like him who were convicted of multiple § 924(c) charges stemming from one indictment. Solomon asked the district court to consider a proposed Congressional bill that would amend § 924(c)'s stacking rule to this effect. On that basis, he asked the district court to forgo the mandatory 25-year stacked, consecutive sentences and "instead impose a reasonable sentence pursuant to 18 U.S.C. § 3553." Chance and Lewis adopted Solomon's arguments on the stacking rule.

At the sentencing hearing, the district court stated that it did not "have any authority to deal with" the stacking rule and, later in the hearing, noted its "hope [that] Congress looks at" the stacking issue to "figure out a better way to craft the statute" because the sentences here were "just unrealistic in terms of life times."

The district court sentenced Solomon to 4,641 months' imprisonment. The term consisted of 57 months for each of the Hobbs Act counts, to be served concurrently; 84 months for the first § 924(c) firearm count, to be served consecutive to the Hobbs Act counts; and 300 months as to each of the remaining § 924(c) firearm counts, to be served consecutive to the other counts—under the stacking rule—all followed by 5 years of supervised release.

_____

the crime of violence." 18 U.S.C. § 924(c)(1)(C)–(D) (2006) (the "stacking rule").

The district court explained its view that "[b]ased on the consecutive sentences . . . the low end of the advisory guidelines is adequate" for the concurrent Hobbs Act robbery sentences.

The district court then sentenced Chance to 1,794 months' imprisonment. His term consisted of 210 months for each of the Hobbs Act counts, to be served concurrently; 84 months for the first § 924(c) firearm count, to be served consecutive to the Hobbs Act counts; and 300 months for each of the remaining § 924(c) firearm counts, to be served consecutively to all other counts—followed by 5 years of supervised release.

Lastly, the district court sentenced Lewis to 1,347 months' imprisonment. Lewis's sentence consisted of 63 months for each of the Hobbs Act counts, to be served concurrently; 84 months for the first § 924(c) firearm count, to be served consecutively to the Hobbs Act counts; and 300 months for each of the remaining § 924(c) firearm counts, to be served consecutively to all other counts—followed by 5 years of supervised release. As with Solomon, the district court noted that the 63-month concurrent sentences for the Hobbs Act robbery counts were at the low end of the advisory guidelines and found this to be "adequate in terms of the lengthy consecutive sentences." The district court also stated its belief that "even in view of the consecutive sentences," it would not "be appropriate to go below the advisory guidelines with respect to [the concurrent] counts."

On direct appeal, we affirmed all three appellants' sentences, and the Supreme Court later denied their petitions for writs of

certiorari. *United States v. Lewis*, 433 F. App'x 844 (11th Cir. 2011), *cert. denied* 565 U.S. 1069 (2011).

### B.    The Appellants' Collateral Proceedings

The appellants then filed *pro se* motions to vacate under § 2255, all of which were denied and not appealed. A few years later, Solomon, Chance, and Lewis each sought leave to file a successive § 2255 motion. The appellants argued that, after the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), neither Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery qualified as a crime of violence under § 924(c)'s elements clause or residual clause.[3] We denied Lewis's request, but granted Chance's and Solomon's in part, acknowledging that conspiracy to commit Hobbs Act robbery may no longer qualify as a crime of violence under § 924(c) post-*Johnson*. *In re: Jamaur Lewis*, No. 16-12874 slip op. (11th Cir. June 22, 2016); *In re: Curtis Solomon*, No. 16-13456 slip op. (11th Cir. July 8, 2016); *In re: Devon Chance*, No. 16-13918 slip op. (11th Cir. Aug. 2, 2016). We thus allowed Solomon and Chance to challenge their Count 2 convictions, which were predicated on the Hobbs Act conspiracy charged in Count 1. *Solomon*, slip op. at 7–8; *Chance*, slip op. at 3–4.[4] The district court

[3] In *Johnson*, the Court held that ACCA's residual clause was void for vagueness and violated the constitutional guarantee of due process. 576 U.S. at 606. In *Welch v. United States*, 578 U.S. 120 (2016), the Court held that *Johnson* was a substantive decision and thus applied retroactively to cases on collateral review. *Id.* at 130.

[4] We also permitted Chance to challenge his other convictions because the cumulative fines imposed on each count supported a "pecuniary interest in

ultimately denied the § 2255 motions but granted both Solomon and Chance certificates of appealability as to whether *Johnson* applies to the residual clause in § 924(c)(3)(B). On appeal, we affirmed the district court's denial of both motions to vacate the Count 2 convictions. *Solomon v. United States*, 911 F.3d 1356, 1361 (11th Cir. 2019); *Chance v. United States*, 769 F. App'x 893, 895–96 (11th Cir. 2019).

After all this collateral litigation, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. *See United States v. Davis*, 588 U.S. 445, 470 (2019). Accordingly, the Supreme Court granted both Solomon and Chance's petitions for writs of certiorari, vacated our prior opinions that affirmed the denials of their successive § 2255 motions, and remanded for us to reconsider in light of *Davis*. *See Solomon v. United States*, 140 S. Ct. 103 (2019); *Chance v. United States*, 140 S. Ct. 556 (2019).

On remand, we held that Solomon and Chance's § 924(o) convictions, charged in Count 2 of the indictment, were invalid because they were predicated on conspiracy to commit Hobbs Act robbery—and Hobbs Act conspiracy no longer qualified as a crime of violence under § 924(c)'s elements clause. *Solomon v. United States*, 796 F. App'x 681, 684 (11th Cir. 2020); *Chance v. United States*, 791 F. App'x 165, 167 (11th Cir. 2020).

---

securing review of his conviction on each of the counts." *Chance*, slip op. at 5–6 (quoting *Pinkus v. United States*, 436 U.S. 293, 305 (1978)).

In Solomon's case, we reversed "the district court's denial of Solomon's § 2255 motion as to his claim challenging his Count 2 conviction and issue[d] [a] limited remand for the district court to vacate Solomon's conviction and sentence on Count 2." *Solomon*, 796 F. App'x at 684. In Chance's case, we "reverse[d] the district court's denial of Chance's § 2255 motion as to Count 2 only, vacate[d] Chance's conviction on Count 2, and remand[ed] for resentencing in accordance with [our] opinion." *Chance*, 791 F. App'x at 167.

Solomon and Chance each moved for an order on the mandate and asked the district court to resentence them *de novo* on all remaining counts, under § 2255(b) and the sentencing package doctrine. They based their requests for new sentences on two grounds: First, they pointed to *Dean v. United States*, 581 U.S. 62 (2017), in which the Supreme Court clarified that a district court may consider the severity of § 924(c)'s stacking rule in order to impose a "just sentence" on the predicate, concurrent counts. Second, they asserted that in § 403 of the First Step Act of 2018,[5] Congress amended § 924(c) to clarify that the consecutive 25-year sentences provided for were only intended to punish recidivists with "second or subsequent conviction[s]," not to punish defendants who were convicted of multiple firearm offenses at the same time. In light of this clarification, they contended, they should receive

---

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 403 ("First Step Act").

consecutive terms of 7 years, rather than 25 years, on each of their unvacated § 924(c) convictions.[6]

Lewis's collateral proceedings played out a little differently. After *Davis*, we granted in part Lewis's request to file a third successive § 2255 motion challenging his Count 2 conviction. Lewis filed his motion, asking the district court to vacate his § 924(o) conviction and resentence him *de novo* on his remaining counts of conviction. The district court granted Lewis's motion in part, vacating his conviction and sentence as to Count 2. In the order, the district court noted the government's opposition to Lewis's request for full resentencing and stated that it was "more appropriate to address this and any other issue related to [Lewis's] resentencing in the underlying criminal case." In a footnote, the district court noted that Lewis's case was "intertwined" with Solomon's and Chance's cases and stated that it would "address any other resentencing issues for those defendants in their underlying criminal case."[7]

In all three cases—after a two-year delay and no further comment on the appellants' requests for *de novo* resentencing—the district court entered amended judgments that removed the Count

---

[6] During the pendency of this appeal, this Court issued a published opinion in *United States v. Hernandez*, 107 F.4th 965 (11th Cir. 2024), holding that where an appellant was originally sentenced "before the First Step Act's passage in 2018 but [the sentence was] thereafter vacated . . . [the appellant] is not entitled to the benefit of § 403(a)'s new stacking rule." *Id.* at 968.

[7] The district court entered a similar order in Solomon's civil case, acknowledging his request for *de novo* resentencing and explaining that it would be "more appropriate to address these issues in the underlying criminal case."

2 convictions and reimposed the same sentences on all other counts.

Solomon, Chance, and Lewis timely appealed the amended judgments.

## II.    STANDARDS OF REVIEW

We review our appellate jurisdiction *de novo*. *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020).

In an appeal from a proceeding on a motion to vacate, set aside, or correct a sentence, we review legal issues *de novo*. *United States v. Brown*, 879 F.3d 1231, 1234 (11th Cir. 2018). We review a district court's choice of a § 2255 remedy for an abuse of discretion. *Id.* at 1235.

Whether a prior conviction is a "crime of violence" for § 924(c) purposes is a conclusion of law reviewed *de novo*. *United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020).

## III.    ANALYSIS

The appellants raise two issues on appeal.[8] First, they contend that the district court erred in failing to explain why it declined

---

[8] As a preliminary matter, the government disputes the propriety of Chance and Lewis adopting Solomon's briefing. In a case involving more than one appellant or appellee, "any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief." Fed. R. App. P. 28(i). In some fact-specific circumstances, however, adoption of a co-appellant's brief will not suffice. *See, e.g.*, *United States v. Khoury*, 901 F.2d 948, 963 nn.13, 14 (11th Cir. 1990). We conclude that the issues we reach below involve legal principles that are not so fact-specific as to preclude adopted

to resentence them *de novo* (Issue 1).  Second, they assert that the district court erred by finding that completed Hobbs Act robbery qualifies as a § 924(c) crime of violence after *United States v. Taylor*, 596 U.S. 845 (2022) (Issue 2).  We first discuss our jurisdiction and then address the merits of the second issue on appeal.

### A.    Our Jurisdiction

In a supplemental notice filed before oral argument, the government argued for the first time that we lack jurisdiction to consider either of the appellants' issues on appeal.  The appellants, in response, conceded that we lack jurisdiction to hear the resentencing challenge but maintained that we have jurisdiction to hear the Hobbs Act robbery challenge.  Because "subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties," *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983), we examine our jurisdiction anew as to both issues.

First, the government argues that we lack jurisdiction to address the appellants' challenge to "the district court's refusal to conduct a full *de novo* resentencing, or, at a minimum, its purported failure to sufficiently explain its reasoning for refusing to do so." We agree.

In *United States v. Cody*, this Court held that, "until a certificate of appealability has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas

---

briefing and thus we consider Solomon's briefing to speak for all three appellants, supplemented by their additional submissions.

petitioners." 998 F.3d 912, 915 (11th Cir. 2021) (alteration adopted and quoting *Miller-El v. Cockrell*, 527 U.S. 322, 336 (2003)). This "requirement applies not only to an appeal from the final order in a proceeding under section 2255 but also to an appeal from an amended criminal judgment, to the extent it raises section 2255 issues." *Id*. In this case, as both parties acknowledge, no court has issued a COA on the question of whether the district court erred when it refused to resentence the appellants *de novo*, so we lack jurisdiction to consider Issue 1.

To be sure, the appellants do not, here, appeal the merits of their § 2255 petitions but, instead, focus on the narrower issue of whether the district court erred in *failing to explain why* it denied *de novo* resentencing as a remedy under § 2255. We find this to be a distinction without a difference. In *Cody*, we explained that our jurisdiction over the appeal turned on whether the defendant was challenging "aspects of his proceeding" under § 2255 (as opposed to errors in his new sentence). 998 F.3d at 915. And we concluded that the district court's "choice of statutory remedy"—there, the "district court's choice between correcting a sentence and performing a full resentencing"—was part of that proceeding and could not be challenged without a COA. *Id*. Whether our appellants' resentencing challenge is framed as a challenge to the court's choice of remedy or to the reasoning behind that choice of remedy, it plainly concerns the appellants' "proceedings" under § 2255. In other words, the explanation for a district court's choice of remedy is no less an "aspect[ ] of the proceeding" than the ultimate decision.

Without a COA on the relevant question, we lack jurisdiction to consider the first issue raised on appeal.

Second, the government contends that we lack subject matter jurisdiction over the appellants' challenge to their convictions under § 924(c). In the government's view, the appellants' *Taylor* argument amounts to an unauthorized second or successive § 2255 petition—and we, therefore, lack jurisdiction to entertain it. But we understand the procedural posture differently. The appellants' *Taylor* challenge to their robbery-related firearms convictions arises as a direct appeal of their amended judgments and thus no COA was required. *See Cody*, 998 F.3d at 915 ("[D]irect appeal matter[s]" that relate to the criminal case and "arise after the proceeding under section 2255 . . . do not require a certificate of appealability."); *United States v. Futch*, 518 F.3d 887, 895 (11th Cir. 2008) ("Futch also timely appealed his new 215-month sentence. Because that part of his appeal relates to his criminal case and is a direct appeal matter, Futch did not need to obtain a COA, and we have jurisdiction to address this issue.").

We take the government's point that, by launching a new attack on the legality of their convictions, the appellants come close to crossing the line of "appeal[ling] the denial of [their] section 2255 motion[s] as to [their] conviction[s]," which would indeed be "part of [their] section 2255 proceedings," falling beyond our jurisdiction in the absence of a COA. *Cody*, 998 F.3d at 915 (alterations adopted and quoting *Futch*, 518 F.3d at 895). But here, the appellants are not appealing the denial of their § 2255 motions—which, as far as

the Hobbs Act robbery issue, depended only on *Johnson v. United States*, 576 U.S. 591 (2015). Instead, they raise new arguments about the definition of "crime of violence" under *Taylor*, which the Supreme Court issued only after the district court entered the amended judgments. We thus conclude that the appellants' second issue—whether Hobbs Act robbery is a crime of violence under *Taylor*—is properly understood as a direct appellate issue in their criminal case, arising after the § 2255 proceedings, and not an end-run appeal of the unsuccessful portions of their § 2255 motions. *See Cody*, 998 F.3d at 915. And so, we proceed to the merits on Issue 2.

## B.    Hobbs Act Robbery is a Crime of Violence

The appellants contend that Hobbs Act robbery is not a "crime of violence" under § 924(c)(3)(A), creating an unwaivable jurisdictional defect in their § 924(c) convictions predicated on those robberies. They say this outcome is the necessary result of the Supreme Court's opinion in *Taylor*, in which the Court held that attempted Hobbs Act robbery is not a crime of violence because it does not "always require[] the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." 596 U.S. at 850. But *Taylor* says nothing of the completed crime of Hobbs Act robbery and thus does not disturb our precedent holding that Hobbs Act robbery is a crime of violence. *See In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (second or successive context) ("Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); *In re Colon*, 826 F.3d 1301, 1305

22-11488                Opinion of the Court                15

(11th Cir. 2016) ("[A]iding and abetting a Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)."); *see also United States v. Wiley*, 78 F.4th 1355, 1363–64 (11th Cir. 2023) ("Because Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)'s elements clause, so does aiding and abetting Hobbs Act robbery.").

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence.  18 U.S.C. § 924(c)(1).  Section 924(c)'s elements clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).

The Hobbs Act robbery statute punishes anyone who "obstructs . . . commerce . . . , by robbery . . . or threatens physical violence to any person or property in furtherance of a plan . . . to do anything in violation of this section."  § 1951(a). "Robbery" is defined as "the unlawful . . . obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, . . . , or the person or property of . . . anyone in his company at the time of the . . . obtaining." § 1951(b)(1).

Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531

F.3d 1347, 1352 (11th Cir. 2008). "To constitute an 'overruling' for the purposes of this prior panel precedent rule, the Supreme Court decision 'must be clearly on point.'" *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quoting *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1292 (11th Cir. 2003)). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.* at 1255. In other words, "[e]ven if the reasoning of an intervening high court decision is at odds with a prior appellate court decision, that does not provide the appellate court with a basis for departing from its prior decision." *United States v. Vega-Castillo*, 540 F.3d 1235, 1237 (11th Cir. 2008).

First, we turn to *Taylor*: in that case, the Supreme Court resolved a circuit split and held that attempted Hobbs Act robbery is not a predicate crime of violence under § 924(c)(3)(A)'s elements clause. 596 U.S. at 852. As the outset, the Court reiterated that when taking a categorical approach, "[t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 850. From there, the Court turned to the elements of a *completed* Hobbs Act robbery: "unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force." *Id.* (quoting § 1951(b)). To prove an *attempted* Hobbs Act robbery, therefore, the government must

prove "two things: (1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* at 851. That second prong—the "substantial step"—became the pivotal question. And, of it, the Court determined that "whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.* "Simply put," the Court concluded, "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* at 852. Accordingly, Taylor's § 924(c)(3)(A) conviction could not stand because the underlying offense—attempted Hobbs Act robbery—was not a categorical crime of violence. *Id.* at 860.

Less than a year ago—and after *Taylor*—we concluded that aiding and abetting a completed Hobbs Act robbery constitutes a crime of violence. *Wiley*, 78 F.4th at 1363–64. In saying so, we relied on (1) our precedent in *Colon*, 826 F.3d at 1305, holding that aiding and abetting a completed Hobbs Act robbery is a crime of violence; and (2) our precedent in *Saint Fleur*, 824 F.3d at 1341, holding that completed Hobbs Act robbery is a crime of violence. *See Wiley*, 78 F.4th at 1363–64. We recognized and reaffirmed our prior precedents, stating that "Hobbs Act robbery itself qualifies as a crime of violence" and thus held the same to be true of aiding and

abetting Hobbs Act robbery.[9]  *Id.* at 1363–64.  And, notably, we reached this conclusion over the appellant's contention that *Taylor* compelled a different outcome.  *Id.* at 1364.  Because Wiley argued that *Taylor* disturbed our prior precedents, we examined that case and recounted how, in *Taylor*, the Court "distinguished between the *completed* offense—which requires the government to prove the use, attempted use, or threatened use of force—and an *attempt* to complete that offense" for which "the government need only show that the defendant intended to complete the offense and performed a 'substantial step' toward that end."  *Id.* (quoting *Taylor*, 596 U.S. at 851).  Attempt, however, is an entirely different creature from aiding and abetting, which, as we explained, requires the government to prove that all of the elements of the completed crime were satisfied.  *Id.*  We concluded that *Taylor* therefore did not pass on the question of aiding and abetting a completed Hobbs Act robbery.  *Id.* at 1365.

Several of our sister circuits have reached the same result after *Taylor*, concluding that its reach is limited to the inchoate

---

[9] We have previously held—both before and after *Taylor*—that "[o]ne who aids and abets a crime of violence 'necessarily commits a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  *Alvarado-Linares v. United States*, 44 F.4th 1334, 1348 (11th Cir. 2022) (quoting *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)).  We have reached this conclusion because aiding and abetting "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense."  *Id.* (quoting *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015)).

"attempt" offense. *See, e.g.*, *United States v. Worthen*, 60 F.4th 1066, 1070 (7th Cir. 2023) ("*Taylor* hinged on the fact that attempt is a separate crime from the underlying offense, with the distinct element of a 'substantial step.'" (internal quotation marks omitted)); *United States v. Draven*, 77 F.4th 307, 318 (4th Cir. 2023) ("[T]he Supreme Court did not explicitly instruct on *Taylor*'s reach beyond the purview of *attempted* Hobbs Act robbery."); *see also United States v. Stoney*, 62 F.4th 108, 113 (3d Cir. 2023) ("Prior to the *Taylor* decision, this Court held that a completed Hobbs Act robbery is a valid § 924(c) predicate . . . . That finding was also unanimous among our sister Circuits. *Taylor* does not change our position.").

In sum, we concluded in *Wiley* that "*Taylor* did not disturb our holding [in *Saint Fleur*] that completed Hobbs Act robbery is a crime of violence." 78 F.4th at 1365. Under our prior-panel-precedent rule, we may not diverge from that position here. *See Archer*, 531 F.3d at 1352.

The appellants nonetheless contend that *Wiley* is inapposite. In particular, the appellants argue that *Wiley* addressed only aiding and abetting, which is not the charge at issue. That is irrelevant, since aiding and abetting a Hobbs Act robbery is a crime of violence because a completed Hobbs Act robbery is, itself, a crime of violence. *Wiley*, 78 F.4th at 1363–64 ("Because Hobbs Act robbery itself qualifies as a crime of violence under § 924(c)'s elements clause, so does aiding and abetting Hobbs Act robbery."); *cf. Alvarado-Linares*, 44 F.4th at 1348 ("[A]iding and abetting is not a separate federal crime, but rather an alternative charge that permits one to be

found guilty as a principal for aiding or procuring someone else to commit the offense." (internal quotations omitted)).

Second, the appellants say *Wiley* cannot control because this appeal raises at least three new arguments that we did not consider in *Wiley*.  First, they say Wiley did not argue—as the appellants do now—that *Taylor* abrogated *Colon*.  Second, they say *Taylor* explicitly rejected the "realistic probability" test underpinning our decision in *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018).  And third, they say that *Wiley* did not consider the language of our pattern jury instructions, which they contend supports their challenge.  They assert that these are "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, [and which] are not to be considered as having been so decided as to constitute precedents," *United States v. Jackson*, 55 F.4th 846, 853 (11th Cir. 2022) (quoting *Webster v. Fall*, 226 U.S. 507, 511 (1925) (alteration adopted)), and that we must consider them anew.  But we have "categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule."  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).  And these two principles work in harmony: under *Webster* and *Jackson*, we will not read precedent to have resolved an *issue* that was not before the court, but *Lambrix* focuses more narrowly on *arguments*.  What the appellants ask of us here—to avoid *Wiley*'s resolution of an issue, based on unraised arguments—is foreclosed by *Lambrix* and does not implicate *Jackson* and *Webster*.

In any event, each of these other arguments about *Taylor* fails to persuade because we held plainly in *Wiley* that "*Taylor* did not disturb our holding that completed Hobbs Act robbery is a crime of violence," 78 F.4th at 1365, and we stand by that conclusion until the Supreme Court or this Court *en banc* says otherwise, *see Kaley*, 579 F.3d at 1255. Because *Wiley*—which we issued after the briefing here was complete—resolves the issue, we need not wade into the arguments first raised in the papers. That said, we consider and reject the appellants' original contentions in turn.

First, the appellants contend that Hobbs Act robbery is not a crime of violence after *Taylor* because *Taylor* abrogated our previous precedent in *St. Hubert*. This is true: *Taylor* expressly abrogated *St. Hubert*. But our subsequent publication of *Wiley* renders that point without merit.

Second, and relatedly, the appellants contend that *Taylor* rejected the "realistic probability" methodology that we applied in *St. Hubert*. Again, true. But in *Saint Fleur*, we held that "the elements of . . . § 1951 robbery, as replicated in [Saint Fleur's] indictment, require the use, attempted use, or threatened use of physical force," 824 F.3d at 1341, and we reiterated the same in *Wiley*, 78 F.4th at 1363–64. *Taylor*'s rejection of *St. Hubert*'s "realistic probability" methodology, therefore, does not advance the appellants' cause.

Third, the appellants say that the Hobbs Act statute is indivisible as to robbery and attempted robbery and that, because attempted Hobbs Act robbery does not require proof that the defendant used, attempted to use, or threatened to use force, neither does

robbery.  Not so.  The statute lists the completed acts and the attempt in the disjunctive, indicating that they are elements in the alternative.  *See Mathis v. United States*, 579 U.S. 500, 505 (2016).  And we have consistently treated the attempt and the completed crime as separate offenses.  *See, e.g.*, *In re Gomez*, 830 F.3d 1225, 1228 (11th Cir. 2016) ("Although we have held that Hobbs Act robbery qualifies as an elements-clause predicate, we have yet to consider attempted Hobbs Act robbery.").

Fourth, the appellants suggest we should ignore *Saint Fleur* because it arose in a collateral context without true adversarial briefing.  This argument is unavailing as "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions."  *See Lambrix*, 776 F.3d at 794

Fifth, the appellants point to our pattern jury instructions, under which they argue the least culpable conduct to sustain a conviction is taking personal property against the victim's will by threatening the victim's intangible property *e.g.*, threat of financial harm.  But jury instructions are not binding law, *United States v. Carter*, 776 F.3d 1309, 1324 (11th Cir. 2015), and our cases—both before and after *Taylor*—say that Hobbs Act robbery cannot be accomplished without the use, attempted use, or threatened use of force.

Because we conclude that none of the appellants' arguments move the needle and *Wiley* controls—Hobbs Act robbery remains

a crime of violence—there is no jurisdictional defect in the appellants' § 924(c) convictions arising from those Hobbs Act robberies.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the appellants' § 924(c) convictions arising from their Hobbs Act robberies.  However, the appeal is dismissed in part for lack of jurisdiction to the extent that it challenges the district court's failure to explain why it denied the appellants' requests for *de novo* resentencing.

**AFFIRMED in part and DISMISSED in part for lack of jurisdiction.**