**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12347

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TYRELL BRION BOUIE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60138-AHS-2

_____

_____

No. 24-12374

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    24-12347

*versus*

ANTHONY CHRISTOPHER DIGGS, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60138-AHS-3

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Tyrell Bouie and Anthony Christopher Diggs, Jr. appeal their 18 U.S.C. § 924(c) convictions for brandishing a firearm in relation to a crime of violence, which were predicated on Hobbs Act robbery. On appeal, both appellants argue that the district court lacked jurisdiction over their § 924(c) charges because completed Hobbs Act robbery no longer qualifies as a predicate "crime of violence" under § 924(c)(3)(A)'s elements clause after the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022).

We review de novo whether an offense is a qualifying crime of violence under § 924(c). *See United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023). And we review de novo the subject matter jurisdiction of the district court. *See United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023).

"Federal district courts have original jurisdiction . . . of all offenses against the laws of the United States." *United States v. Wilson*,

979 F.3d 889, 902 (11th Cir. 2020) (quotation marks omitted). Accordingly, "so long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States, and, thereby, invokes the district court's subject-matter jurisdiction." *Id.* (quotation marks and alteration omitted).

We have held that Hobbs Act robbery "clearly" qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, noting that it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016).

In *Taylor*, the Supreme Court resolved a circuit split and held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s elements clause. *See Taylor*, 596 U.S. at 849-52. The Court explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force and completed a "substantial step" toward that end. *See id.* at 851. But the Court noted that, while the government would have to show that the defendant took an "unequivocal" and "significant" step towards committing robbery, it need not show that the defendant actually used, attempted to use, or even threatened to use force, as required by § 924(c). *See id.* at 851-52. Therefore, the Court concluded that attempted Hobbs Act robbery was not categorically a crime of violence under § 924(c)(3)(A)'s elements clause. *See id.* at 852. In so holding, the

Court in *Taylor* rejected the "realistic probability" test set out in *United States v. St. Hubert*, 909 F.3d 335, 352-53 (11th Cir. 2018), as well as *St. Hubert*'s reasoning that, because a completed Hobbs Act robbery qualifies as a crime of violence, an attempted Hobbs Act robbery must qualify as well. *See Taylor*, 596 U.S. at 852-59 (citing *St. Hubert*, 909 F.3d at 352-53).

In *Wiley*, decided after *Taylor*, we held that aiding and abetting Hobbs Act robbery is a crime of violence, reasoning that "*Taylor* did not disturb [our] holding that completed Hobbs Act robbery is a crime of violence." *Wiley*, 78 F.4th at 1365. We recently confirmed that "*Taylor* says nothing of the completed crime of Hobbs Act robbery and thus does not disturb [our] precedent holding that Hobbs Act robbery is a crime of violence." *United States v. Solomon,* 136 F.4th 1310, 1318 (11th Cir. 2025). First, we rejected the contention that *Wiley* was inapposite to convictions for completed robbery, explaining that "aiding and abetting a Hobbs Act robbery is a crime of violence because a completed Hobbs Act robbery is, itself, a crime of violence." *Id*. at 1321. Second, we rejected the appellants' assertion that *Wiley* was not controlling because their appeal raised new arguments not considered in *Wiley*. *See id*. Thus, we concluded that the appellants' request "to avoid *Wiley*'s resolution of an issue, based on unraised arguments [] is foreclosed by *Lambrix* and does not implicate *Jackson* and *Webster*." *Id*.

Nevertheless, in *Solomon* we considered and rejected the appellants' specific arguments. *See id*. First, we concluded that *Wiley* rendered meritless the argument that Hobbs Act robbery was not

a crime of violence after *Taylor* because *Taylor* abrogated *St. Hubert*. *See id*.  Second, we explained that, although *Taylor* abrogated the "realistic probability" test used in *St. Hubert*, that did not "advance the appellants' cause" because we held in *St. Fleur* that Hobbs Act robbery "require[s] the use, attempted use, or threatened use of physical force." *Id*.  Third, we confirmed that the Hobbs Act statute is divisible as to robbery and attempted robbery.  *Id*.  Fourth, we declined to ignore *St. Fleur* on the ground that it "arose in a collateral context without true adversarial briefing," stating that the prior-panel-precedent rule still applies.  *See id*.  Fifth, we rejected the argument that, based on our pattern jury instructions, the least culpable conduct for Hobbs Act robbery was "taking personal property against the victim's will by threatening the victim's intangible property *e.g.*, threat of financial harm."  *Id*.  We explained that "jury instructions are not binding law" and that cases before and after *Taylor* concluded that "Hobbs Act robbery cannot be accomplished without the use, attempted use, or threatened use of force."  *Id*.

Here, the appellants' § 924(c) arguments are foreclosed by our binding precent, including *Solomon*.  The district court did not err in determining that completed Hobbs Act robbery remains a crime of violence after *Taylor* and, therefore, a valid predicate offense for the appellants' § 924(c) convictions.

**AFFIRMED.**