NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10639
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVERY FULLER,
    a.k.a. Deavry Cordell Fuller,
    a.k.a. Ace,
    a.k.a. Fully,
    a.k.a. Fully Ace,

Defendant-Appellant.

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cr-00222-HES-LLL-1

————————————

_____

No. 25-10649
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AVERY FULLER,
   a.k.a. Fully,
   a.k.a. Fully Ace,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cr-00017-HES-PDB-2
_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Avery Fuller is serving a 228-month sentence after pleading guilty, in separate criminal proceedings, to conspiracy to commit Hobbs Act robbery and aiding and abetting the brandishing of a firearm during a crime of violence. In this consolidated appeal, Fuller challenges only the legality of his firearm conviction, which resulted in a seven-year consecutive sentence. After careful review, we affirm the conviction.

## I. BACKGROUND

After orchestrating the armed robbery of a Jacksonville, Florida, jewelry store, Fuller, along with five others, was indicted for Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One). He was also indicted for brandishing a firearm during the crime of violence alleged in Count One, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two).

After signing a written plea agreement, Fuller pleaded guilty to Count Two in exchange for the government's dismissal of Count One. The plea agreement included: (1) a recitation of the elements of Count Two, (2) a statement of the applicable minimum and maximum penalties, and (3) the government's factual basis for Fuller's guilt on Count Two, which detailed his involvement in the armed robbery of the Jacksonville business Kishek Jewelers. By signing the document, Fuller acknowledged his understanding of the contents of the agreement and stipulated to the truthfulness of the government's proffered facts.

At a change-of-plea hearing, a magistrate judge walked Fuller through the specifics of the indictment and the plea agreement. As relevant here, the magistrate judge outlined the elements of Count Two, including that Fuller "committed the crime of violence charged in Count One of the indictment . . . . the robbery of Kishek Jewelers[.]" Fuller, under oath, confirmed that he understood these elements and admitted his guilt to Count Two. After the government presented its factual proffer to the magistrate

judge, Fuller specifically admitted that: (1) he "commit[ted] or aid[ed] and abet[ted] the robbery alleged in Count One," (2) he knowingly aided and abetted another who possessed and brandished a firearm during the robbery, and (3) the possession and brandishing was in furtherance of the robbery.

The district judge accepted Fuller's guilty plea and sentenced him to serve the mandatory minimum of 7 years of imprisonment, to run consecutively to the 144-month sentence imposed in Fuller's other federal criminal case. Fuller now appeals.

## II. STANDARD OF REVIEW

We review de novo whether an offense is a crime of violence under § 924(c). *United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023). Because this question has jurisdictional implications, a defendant does not waive such a challenge by pleading guilty. *United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018), *abrogated on other grounds by United States v. Taylor*, 596 U.S. 845 (2022).

## III. DISCUSSION

Section 924(c) criminalizes using or carrying a firearm during, or in relation to, a crime of violence and provides for a minimum seven-year sentence if the firearm is "brandished." 18 U.S.C. § 924(c)(3)(A)(ii). In a provision of the statute commonly known as the "elements clause," *see Taylor*, 596 U.S. at 848, a crime of violence is defined as any felony that has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

Fuller argues that his § 924(c) conviction cannot stand because: (1) he did not plead guilty to a predicate offense, and (2) the alleged predicate offense is not a crime of violence under the elements clause. These arguments are without merit.

"A conviction under § 924(c) does not require that the defendant be convicted of, or even charged with, the predicate offense." *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (citing *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)). The indictment and plea agreement in this case made abundantly clear that the armed robbery of Kishek Jewelers served as the predicate crime of violence for Count Two, and Fuller confirmed his understanding of this element of the offense. Also, at the change-of-plea hearing, Fuller specifically admitted to having committed or aided and abetted in the commission of the Hobbs Act robbery charged in Count One of the indictment. *See United States v. Utsick*, 45 F.4th 1325, 1338 (11th Cir. 2022) ("We strongly presume that the statements made during a plea colloquy are true.").

Fuller notes that attempted Hobbs Act robbery is not a crime of violence, *see Taylor*, 596 U.S. at 851–52, and he suggests that, under similar reasoning, neither aiding or abetting a robbery nor "aiding or abetting a brandishing" can qualify as a crime of violence. However, post-*Taylor*, our Court has confirmed that both Hobbs Act robbery and aiding and abetting such a robbery—the alleged predicate offenses in this case—are crimes of violence under the elements clause. *See Wiley*, 78 F.4th at 1365 ("[B]ecause *Taylor* did not disturb our holding that completed Hobbs Act robbery

is a crime of violence, aiding and abetting a completed Hobbs Act robbery also qualifies as a crime of violence under § 924(c)(3)(A)."); *United States v. Solomon*, 136 F.4th 1310, 1320–21 (11th Cir. 2025) ("*Taylor* did not disturb our holding that completed Hobbs Act robbery is a crime of violence, and we stand by that conclusion until the Supreme Court or this Court en banc says otherwise." (citation modified)), *petition for cert. filed*, (U.S. Nov. 6, 2025) (No. 25-6137).

Because we are bound to follow this prior precedent, we must reject Fuller's challenges to his § 924(c) conviction. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *see United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018); *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).

## IV. CONCLUSION

We **AFFIRM** Fuller's § 924(c) conviction.