**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

—————————————

No. 24-12303
Non-Argument Calendar

—————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JORDAN DENZEL LEWIS,

*Defendant-Appellant.*

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60138-AHS-1

—————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jordan Lewis appeals his convictions under 18 U.S.C. § 924(c) for brandishing a firearm in relation to a crime of violence, which was predicated on Hobbs Act robbery. He argues that

Hobbs Act robbery does not qualify as a crime of violence, and thus, his convictions for brandishing a firearm in furtherance of a crime of violence, which were predicated on his conviction for Hobbs Act robbery, should be vacated.

After Mr. Lewis filed his initial brief on appeal, the government moved for summary affirmance. Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review de novo whether an offense is a qualifying crime of violence under § 924(c). *See United States v. Wiley*, 78 F.4th 1355, 1360 (11th Cir. 2023). We also review de novo the subject matter jurisdiction of the district court. *See United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023). "Federal district courts have original jurisdiction . . . of all offenses against the laws of the United States." *United States v. Wilson*, 979 F.3d 889, 902 (11th Cir. 2020) (citation modified). Accordingly, "so long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States, and, thereby, invokes the district court's subject-matter jurisdiction." *Id.*

Under § 924(c), it is illegal to use or carry a firearm during a "crime of violence."  18 U.S.C. § 924(c).  A "crime of violence" is any felony that has as an element "the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).

A defendant commits an offense under the Hobbs Act when he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of [section 1951]."  18 U.S.C. § 1951(a). The Hobbs Act defines robbery, in part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession."  § 1951(b)(1). Any defendant who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  18 U.S.C. § 2(a).

Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  We have "categorically rejected an overlooked reason or argument exception to the prior-panel-precedent rule."  *In re Lambrix*, 776 F.3d 789, 794 (11th

Cir. 2015).   Thus, "a prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel."   *Id.* (citation modified).   Published decisions arising in the second or successive application context have the same binding force as all other published opinions under the prior-panel-precedent rule.   *See id.*

We have held that Hobbs Act robbery "clearly" qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, noting that it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016).   And we have since reaffirmed that, pursuant to the elements clause in § 924(c) and our prior precedent in *St. Fleur*, Hobbs Act robbery is a crime of violence because "[a] conviction for Hobbs Act robbery by definition requires actual or threatened force, or violence, or fear of injury, immediate or future, to person or property," and noted that § 924(c)(3)(A)'s elements clause referred "to the use, attempted use, or threatened use of physical force against person or property." *United States v. St. Hubert*, 909 F.3d 335, 348 (11th Cir. 2018) (citation modified), *abrogated in part by United States v. Taylor*, 596 U.S. 845, 853, 857-58 (2022).   In holding that Hobbs Act robbery qualified under § 924(c)(3)(A)'s elements clause, we reasoned that there was no "realistic probability that Hobbs Act robbery could encompass nonviolent conduct."   *Id.* at 350 (citation modified).   We determined that there was no "plausible scenario" in which the Hobbs Act applied to a robbery "that did not involve, at a minimum, a threat to use physical force," or a situation "in which a Hobbs Act

robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury." *Id.*

In *Taylor*, the Supreme Court resolved a circuit split and held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s elements clause. *See Taylor*, 596 U.S. at 849-52. The Court explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force and completed a "substantial step" toward that end. *See id.* at 851. However, the Court noted that, while the government would have to show that the defendant took an "unequivocal" and "significant" step towards committing robbery, it need not show that the defendant actually used, attempted to use, or even threatened to use force, as required by § 924(c). *See id.* at 851-52. Therefore, the Court concluded that attempted Hobbs Act robbery was not categorically a crime of violence under § 924(c)(3)(A)'s elements clause. *See id.* at 852. In so holding, the Court in *Taylor* rejected *St. Hubert*'s "realistic probability" test, as well as *St. Hubert*'s reasoning that, because a completed Hobbs Act robbery qualifies as a crime of violence, an attempted Hobbs Act robbery must qualify as well. *See id.* at 852-59 (citing *St. Hubert*, 909 F.3d at 352-53).

In *Wiley*, we held that aiding and abetting Hobbs Act robbery is a crime of violence, reasoning that "*Taylor* did not disturb

our holding that completed Hobbs Act robbery is a crime of violence." *Wiley*, 78 F.4th at 1365. And recently we confirmed that "*Taylor* says nothing of the completed crime of Hobbs Act robbery and thus does not disturb our precedent holding that Hobbs Act robbery is a crime of violence." *United States v. Solomon,* 136 F.4th 1310, 1318 (11th Cir. 2025), *petition for cert. filed*, (U.S. Nov. 12, 2025) (No. 25-6089). First, we rejected the claim that *Wiley* was inapposite to convictions for completed robbery, explaining that "aiding and abetting a Hobbs Act robbery is a crime of violence because a completed Hobbs Act robbery is, itself, a crime of violence." *Id.* at 1321. Second, we rejected the appellants' assertion that *Wiley* was not controlling because their appeal raised new arguments not considered in *Wiley. See id.*

Here, the government is clearly right as a matter of law that a conviction for Hobbs Act robbery is a crime of violence after *Taylor*. Thus, it was a valid predicate offense for Mr. Lewis' § 924(c) convictions. *See Solomon*, 136 F.4th at 1318, 1321; *Wiley*, 78 F.4th at 1365.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**